**Kelly A. Giampa**, OSB #980216
Email: kgiampa@lindsayhart.com
**Jay W. Beattie**, OSB # 871631
Email: jbeattie@lindsayhart.com
**Michael J. Estok**, OSB #090748
Email: mestok@lindsayhart.com
**Melissa J. Bushnick**, OSB # 140704
Email: mbushnick@lindsayhart.com
LINDSAY HART, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697
        Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAVID OTHELLO PARKER, JR. THROUGH DAVINA MARIE PARKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID PARKER, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>ST. JUDE OPERATING COMPANY, LLC, dba HEALTHCARE AT FOSTER CREEK, and BENICIA SENIOR LIVING, LLC,<br><br>            Defendants. | Case No. 3:20-cv-01325<br><br>NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS ST. JUDE OPERATING COMPANY, LLC, DBA HEALTHCARE AT FOSTER CREEK, AND BENICIA SENIOR LIVING, LLC |

Defendants St. Jude Operating Company, LLC, dba Healthcare at Foster Creek, and

Benicia Senior Living, LLC ("Defendants") hereby remove the above-captioned matter from the

Circuit Court of the State of Oregon for Multnomah County, pursuant to 28 U.S.C. §§ 1331, 1441,

and 1446 and reserve all defenses and all objections to venue based on 42 U.S.C. § 247d-6d(e)(1).

Page 1 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**
02062646.DOCX

LINDSAY HART, LLP

1.      In ordinary times, wrongful death claims like Plaintiff's would properly sound in state tort law. But these are not ordinary times. Healthcare providers across the country, including Defendants, have spent the last several months battling the COVID-19 pandemic.

2.      In anticipation of just this kind of public health crisis, Congress enacted a federal law—the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the "PREP Act")—to grant healthcare providers and other covered persons complete immunity from state-law claims for injuries related to the use of approved countermeasures to combat a pandemic. Congress's goal was to enable healthcare providers, including nursing facilities, to focus on using every available means to combat a pandemic and save lives without being chilled in their efforts by the threat of lawsuits.

3.      When the PREP Act's immunity provision is triggered—as it was by the Secretary of Health and Human Services' March 17, 2020 declaration, effective February 4, 2020—its coverage is sweeping, applying to "*all* claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1) (emphasis added). Plaintiff's claims are in the heartland of that grant of immunity because they arise directly out of Defendants' allegedly improper "use" of personal protective equipment ("PPE"), (Compl. ¶¶ 16, 19, 20, 29, 32, 40, 41, 46), which the federal government has approved as a key countermeasure against COVID-19.

4.      The PREP Act does not leave claimants without a remedy. But those remedies are through the Act itself, rather than state law: certain individuals injured by the administration or use of a covered countermeasure can apply for compensation from the federal government's Covered Countermeasure Process Fund (42 U.S.C. § 247d-6d(e)) and may be able to bring a suit for willful misconduct pursuant to an "exclusive Federal cause of action" under the PREP Act (42 U.S.C. §

247d-6d(d)(1)).  By providing these exclusive federal remedies, Congress clearly signaled its intent to completely preempt state-law claims for injuries covered by the Act. This case accordingly belongs in federal court—not state court.

## Procedural Background

5.      On May 20, 2020, the Estate of David Othello Parker, Jr., through its personal representative, Davina Marie Parker, ("Plaintiff"), filed a Complaint in the Circuit Court of the State of Oregon for Multnomah County, commencing the action styled *David Othello Parker, Jr., through Davina Marie Parker as Personal Representative of the Estate of David Othello Parker, Jr., v. St. Jude Operating Company, LLC, dba Healthcare at Foster Creek, and Benicia Senior Living, LLC*, No. 20CV18539. True copies of all process, pleadings, and orders obtained to date are attached as Exhibit A.

6.      Defendants are timely filing this Notice of Removal within thirty days of service of process as required by 28 U.S.C. § 1446(b).

7.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims are completely preempted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e, and thus arise under federal law.

## Nature of the Case

8.      Plaintiff's decedent was a resident of Healthcare at Foster Creek, a nursing facility owned and operated by Defendants, when the COVID-19 pandemic hit the United States. Compl. ¶¶ 2, 8. Plaintiff alleges that, as a result of Defendants' conduct in responding to the pandemic, plaintiff's decedent contracted and died from COVID-19. *Id.* ¶¶ 1, 2.

9.      Plaintiff asserts state-law causes of action against both Defendants for negligence, negligence per se, and elder abuse. *Id.* ¶¶ 32–53.

Page 3 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**

LINDSAY HART, LLP

02062646.DOCX

10.     The key allegation underlying each of these claims is that Defendants misused personal protective equipment ("PPE") during the Foster Creek facility's response to the COVID-19 pandemic. Plaintiff alleges that Foster Creek staff did not "correctly wear or use [PPE]" when caring for residents. Compl. ¶¶ 19; *see also id.* ¶¶ 20, 29, 41 (alleging that staff did not "appropriately use [PPE] to prevent the spread of COVID-19"). Plaintiff alleges that Foster Creek staff reused PPE, instead of "chang[ing] PPE between residents." *Id.* ¶ 19. Plaintiff further alleges that Defendants were negligent in allocating PPE to their staff—for example, by "providing only one face mask per shift, with no access to obtain a back-up mask." *Id.* Plaintiff claims that this conduct "was a proximate cause of [the decedent's] injuries, abuse, and ultimate death" from COVID-19. *Id.* ¶ 36; *see also* ¶¶ 41–42 (alleging that failure to properly use PPE amounted to negligence *per se* that "was a proximate cause of [decedent's] injuries and death."), and ¶¶ 48–49 (alleging that this "conduct" caused decedent's injuries and death).

### **Plaintiff's Claims Are Covered by the PREP Act**

11.     Although Plaintiff's claims are pled under state law, they in fact sound in federal law. The Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the "PREP Act"), provides the exclusive remedy for claims for injury related to a covered defendant's use of countermeasures to combat a pandemic, and it provides immunity against such claims under all other laws.

12.     The PREP Act provides that when a "disease or other health condition or other threat to health constitutes a public health emergency," the Secretary of Health and Human Services may issue a declaration "recommending[] . . . the manufacture, testing, development, distribution, administration, or use of one or more covered countermeasures" against the disease. 42 U.S.C. § 247d-6d(b)(1). When such a declaration issues, "covered persons" who administer or

"use covered countermeasures" become "immune from suit and liability under Federal and State law with respect to *all claims for loss caused by, arising out of, relating to, or resulting from* the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1) (emphasis added).

13.     The PREP Act does not leave victims without a remedy. Instead, it provides two exclusive, federal remedies to certain individuals with claims for loss arising out of the use of covered countermeasures. First, the Act creates a "Covered Countermeasure Process Fund" for purposes of "providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure." 42 U.S.C. § 247d-6e(a). Claimants can receive compensation from this fund by applying for benefits through the Countermeasures Injury Compensation Program ("CICP"). *See* 42 C.F.R. §§ 110.1-110.100. Second, an injured person may be able to bring "an exclusive Federal cause of action" under the PREP Act "against a covered person for death or serious physical injury proximately caused by willful misconduct." 42 U.S.C. § 247d-6d(d)(1). The PREP Act sets forth specific procedures that govern lawsuits asserting this cause of action. *Id.* § 247d-6d(e).

14.     On March 17, 2020, the Secretary of Health and Human Services issued a declaration announcing that, as of February 4, 2020, "[l]iability immunity as prescribed in the PREP Act . . . is in effect" for any "[a]ctivities authorized in accordance with the public health and medical response of the Authority Having Jurisdiction to prescribe, administer, deliver, distribute or dispense the Covered Countermeasures following a Declaration of an emergency" related to COVID-19. Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,201-02 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21,012 (Apr. 15, 2020) (the "Declaration").

Page 5 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**
02062646.DOCX

LINDSAY HART, LLP

15.     Plaintiff's claims fall within the immunity conferred in the PREP Act and the Secretary's Declaration because Plaintiff's own allegations, on the face of Plaintiff's Complaint, show that each prerequisite for immunity is satisfied: Defendants are "covered persons"; the PPE devices in Plaintiff's Complaint are covered countermeasures; Plaintiff's claims fall within the scope of the PREP Act's immunity provision; and Defendants administered and used PPE products in accordance with the public health and medical response to COVID-19 of two authorities having jurisdiction.

16.     *First*, at all times relevant to the Complaint, Defendants were "covered persons" for purposes of the PREP Act. "Covered persons" under the Act include "qualified persons who prescribed, administered, or dispensed" countermeasures against a pandemic, and "program planners" who "supervised or administered a program with respect to the administration, dispensing, distribution, provision, or use" of countermeasures against COVID-19. 42 U.S.C. § 247d-6d(i)(2).

17.     A "qualified person" for PREP Act purposes is a "licensed health professional or other individual who is authorized to prescribe, administer, or dispense [covered] countermeasures," or any other person identified as a covered person in the Secretary's emergency declaration. 42 U.S.C. § 247d-6d(i)(8). The Declaration identifies several additional categories of qualified persons, including "(a) Any person authorized in accordance with the public health and medical emergency response of [a state or local government] . . . to prescribe, administer, deliver, distribute or dispense the Covered Countermeasures, and their officials, agents, employees, contractors and volunteers, following a Declaration of an emergency; (b) any person authorized to prescribe, administer, or dispense the Covered Countermeasures or who is otherwise authorized to perform an activity under an Emergency Use Authorization in accordance with Section 564 of the

[Food, Drug, and Cosmetic Act]; and (c) any person authorized to prescribe, administer, or dispense Covered Countermeasures in accordance with Section 564A of the FD&C Act." 85 Fed. Reg. at 15,201-02.

18.     Defendants and their staff were "qualified persons" under the Act because the Foster Creek facility was licensed as an assisted living community by the State of Oregon and employed licensed health professionals, including licensed nursing personnel, who were authorized to administer countermeasures against diseases such as COVID-19. *See* Compl. ¶ 7. Defendants' staff were also authorized to administer COVID-19 countermeasures under an Emergency Use Authorization ("EUA") issued by the FDA under Section 564 of the Food, Drug and Cosmetic Act. The EUA authorized healthcare personnel to use certain facemasks, respirators, and other PPE in healthcare settings during the COVID-19 outbreak. *See* Letter from Denise M. Hinton, Chief Scientist, FDA to Robert R. Redfield, Director, Ctrs. for Disease Control & Prevention, Mar. 28, 2020, www.fda.gov/media/135763/download.

19.     Defendants were also "program planners" because they engaged in both the management and operation of countermeasure programs, including programs to control infections at the Foster Creek facility through visitation restrictions and screening requirements and the administration and/or use of countermeasures (such as PPE) to prevent and/or mitigate COVID-19. *See, e.g.*, Compl. ¶¶ 18, 19, 22.

20.     *Second*, the PPE referred to in the Complaint is a covered countermeasure. The Declaration broadly defines covered countermeasures for purposes of the current pandemic to include "any . . . device" used to "diagnose, . . . prevent, or mitigate COVID-19" and regulated by the FDA or authorized for emergency use by the FDA. 85 Fed. Reg. at 15,202. PPE devices such as surgical masks and N95 respirators fall within this definition, as they prevent the spread of

COVID-19 and are regulated as medical devices by the FDA. *See* 21 C.F.R. § 878.4040. Moreover, the Secretary made clear in an amendment to the Declaration that all "respiratory protective device[s] approved by [the National Institute for Occupational Safety and Health]" are covered countermeasures. 85 Fed. Reg. at 21,013.

21.     Moreover, as the Department of Health and Human Services explained in an advisory opinion interpreting the PREP Act, "Congress did not intend to impose a strict-liability standard on covered persons for determining whether a product is a covered countermeasure." Robert P. Charrow, General Counsel, Dep't of Health & Human Servs., *Advisory Opinion on the Public Readiness and Emergency Preparedness Act and the March 10, 2020 Declaration Under the Act* 4 (as modified May 19, 2020), https://www.hhs.gov/sites/default/files/prep-act-advisory-opinion-hhs-ogc.pdf ("*HHS Advisory Opinion*"). Thus, "a person or entity that otherwise meets the requirements for PREP Act immunity will not lose that immunity—even if [a] product is *not* a covered countermeasure—if that person or entity reasonably could have believed that the product was a covered countermeasure." *Id.* (citing 42 U.S.C. § 247d-6d(a)(4)(A)). Defendants' belief that the PPE their staff used to protect residents was covered by the PREP Act was at least reasonable, given how many articles of PPE are covered countermeasures. Accordingly, even if the precise articles of PPE that Defendants' staff used to protect residents were not covered countermeasures, Defendants are still covered by PREP Act immunity.

22.     *Third*, all of Plaintiff's claims fall within the scope of the PREP Act's immunity provision, which covers "*all* claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1) (emphasis added). Plaintiff's claims arise out of Defendants' use of PPE in response to the COVID-19 pandemic: Plaintiff alleges that Defendants' staff did not "correctly wear or use

[PPE]" and that they reused PPE rather than "chang[ing] PPE between residents." Compl. ¶ 19. Plaintiff also challenges Defendants' administration of PPE by alleging that Defendants negligently decided to provide staff "only one face mask per shift, with no access to obtain a back-up mask." *Id.*; *see, e.g.*, 85 Fed. Reg. at 15,200 (explaining that "Administration of a Covered Countermeasure" includes "activities and decisions directly relating to public and private delivery, distribution, and dispensing of the countermeasures to recipients"). And Plaintiff incorporates allegations regarding misuse of PPE into each count of her Complaint. *Id.* ¶¶ 32, 40, 46.

23.     There is no requirement that the plaintiff herself used the covered countermeasure in question. The PREP Act applies to "any claim for loss that has a causal relationship with the administration to or use by *an individual* of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(2)(B) (emphasis added). For program planners and qualified persons—like Defendants— immunity applies if that "individual" who uses or was administered the countermeasure is in "a population specified by the [Secretary's] declaration." 42 U.S.C. § 247d-6d(a)(3)(C)(i). The Secretary could have used this discretion to narrow the PREP Act's scope to a particular population, such as COVID-19 patients or some subset of that group. But he did not. Instead, the Secretary provided that PREP Act immunity applies when "*any individual* . . . uses or is administered the Covered Countermeasure." 85 Fed. Reg. at 15,202 (emphasis added). In setting the boundaries of the relevant population at the outer limits allowed by the statute, the Declaration ensures that the PREP Act applies to the broadest swath of claims possible: *i.e.*, *any* claim arising from administration to or use by *any* individual—not merely patients or those bringing suit. Indeed, by using expansive language like "any claim", "all claims", "arising out of," "relating to," and "causal relationship with" Congress signaled its intent for the PREP Act to have an expansive reach. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1750 (2019) ("the term 'any'" has an

Page 9 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**
02062646.DOCX

LINDSAY HART, LLP

"expansive meaning.") (internal quotation marks omitted); *see also, e.g.*, *Boyle v. United States*, 556 U.S. 938, 944 (2009) ("The term 'any' ensures that the definition has a wide reach."); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (noting that the "ordinary meaning of the[] words 'relating to' is a broad one"); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (arbitration provision covering all claims "arising out of or relating to" a contract was "broad and far reaching").

24.     That the PREP Act applies even when the person who administered or used the countermeasures is not the same person who brings suit makes sense as well. Because covered countermeasures are used for more than just treating patients, not all countermeasures must be directly used by a patient to achieve their purpose. *See* 42 U.S.C. § 247d-6d(*i*)(7)(A)(i) (including in the definition of "covered countermeasure" those products that "prevent" or "limit the harm" a pandemic may cause). Masks, gloves, and other PPE are prime examples. To properly prevent the spread of infectious disease they require use by persons *other than the patient*. *See also* FDA, *Personal Protective Equipment for Infection Control*, https://www.fda.gov/medical-devices/general-hospital-devices-and-supplies/personal-protective-equipment-infection-control ("Effective use of PPE . . . prevent[s] exposing both the wearer and other people to infection.").

25.     The leading case on the scope of PREP Act immunity, *Parker v. St. Lawrence Cty. Pub. Health Dep't*, 954 N.Y.S.2d 259, 262 (App. Div. 2012), underscores the breadth of the immunity that the Act confers. There, the plaintiff alleged that a nurse employed by the defendant had inoculated the plaintiff's daughter against the H1N1 influenza virus without the plaintiff's consent, and she sued the defendant for negligence and battery. *Id.* at 261. The court had little trouble concluding that the defendant was immune under the PREP Act from these tort claims, noting that "the sweeping language of the statute's immunity provision" indicated that "Congress

intended to preempt all state law tort claims arising from the administration of covered countermeasures by a qualified person" during a public health emergency. *Id.* at 263. Plaintiff's claims similarly arise from the administration and use of covered countermeasures by a covered person and therefore similarly come within the PREP Act's expansive scope.

26.     *Finally*, as required for immunity under the Secretary's Declaration, Defendants administered and used these PPE products in accordance with the public health and medical response to COVID-19 of two authorities having jurisdiction. *See* 85 Fed. Reg. at 15,202. A person acts according to the response of an authority having jurisdiction if the person engages in "any activity that is part of an authorized emergency response at the federal, regional, state, or local level," including activities "authorized through . . . guidance." *HHS Advisory Opinion* at 2. Both the federal government and the State of Oregon have declared states of emergency related to COVID-19. *Id.* at 2; Compl. ¶ 11. And both governments have issued guidance and policies directing how facilities like Foster Creek should use and conserve PPE.[1] Defendants' administration and use of PPE countermeasures was an activity authorized by this federal and state guidance, support, and assistance.

27.     Defendants are accordingly immune from Plaintiff's claims under the PREP Act. 42 U.S.C. § 247d-6d(a)(1). Under the Act, a plaintiff's exclusive remedy is through the Act's

---

[1] Ctrs. for Medicare & Medicaid Servs., *COVID-19 Long-Term Care Facility Guidance* (Apr. 2, 2020), https://www.cms.gov/files/document/4220-covid-19-long-term-care-facility-guidance.pdf; Ctrs. for Disease Control & Prevention, *Strategies for Optimizing the Supply of Facemasks* (updated Mar. 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/ppe-strategy/face-masks.html; CDC, *Using Personal Protective Equipment* (updated June 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/using-ppe.html; Or. Dep't of Human Servs., Executive Letter specifying immediate additional policies to limit exposure to the Novel Coronavirus (COVID-19) (Mar. 10, 2020), https://www.oregon.gov/oha/ERD/Pages/New-guidance-long-term-care-facilities-limit-exposure-COVID-19.aspx; Compl. ¶ 12 (citing this Executive Letter).

Page 11 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**

02062646.DOCX

Covered Countermeasure Process Fund, or through a federal cause of action under the Act for death or serious physical injury proximately caused by willful misconduct. *Id.* § 247d-6d(d)(1).

**Plaintiff's Claims Are Completely Preempted**

28.     Because the PREP Act provides the only remedy for claims arising out of the administration or use of covered countermeasures, Plaintiff's state-law claims are completely preempted by federal law.

29.     "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). However, the doctrine of complete preemption creates an exception to this rule: "When [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b)." *Id.* at 8.

30.     A federal statute completely preempts a state-law cause of action when it "provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Id.* Thus, for example, claims for usury brought against national banks are completely preempted by the National Bank Act, which "sets forth the elements of a usury claim against a national bank, provides for a 2–year statute of limitations for such a claim, and prescribes the remedies available to borrowers who are charged higher rates and the procedures governing such a claim." *Id.* at 9. Similarly, state-law causes of action related to benefits under a plan regulated by the Employee Retirement Income Security Act of 1974 ("ERISA") are completely preempted by ERISA, "which provides an exclusive federal cause of action for resolution of such disputes." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In sum, "The complete preemption doctrine 'prevent[s] a plaintiff from avoiding a federal forum

when Congress has created a federal cause of action with the intent that it provide the exclusive remedy for the particular grievance alleged by the plaintiff.'" *Rudel v. Hawai'i Mgmt. All. Assoc.*, 937 F.3d 1262, 1270 (9th Cir. 2019) (quoting *Hansen v. Grp. Health Coop.*, 902 F.2d 1051, 1057–58 (9th Cir. 2018)).

31.     That is exactly what Congress did here. Just two years after the Supreme Court framed Congress's provision of an "exclusive cause of action" as the "dispositive" consideration for complete preemption, *Anderson*, 539 U.S. at 9, Congress designed the PREP Act around an "exclusive Federal cause of action" for claims arising out of or relating to the administration and use of covered countermeasures (42 U.S.C. § 247d-6d(d)(1)). It is difficult to imagine a more "reliable indicium of congressional intent" to completely preempt state-law claims covered by the PREP Act than Congress's deliberate choice of the very words that *Anderson* used, two years after *Anderson* was decided. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 517 (1992) (in determining preemption, Congress's intent is key); *see also McCarthy v. Bronson*, 500 U.S. 136, 140 (1991) (Congress is presumed to be familiar with recently announced Supreme Court opinions); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 696–97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law.").

32.     Moreover, just as it did in other statutes the Supreme Court has found create complete preemption— the National Bank Act, ERISA, and the Labor Management Relations Act ("LMRA")—Congress "set forth procedures and remedies governing that cause of action." *Anderson*, 539 U.S. at 9. The PREP Act's procedures include a venue provision (42 U.S.C. § 247d-6d(e)(1)), a choice of law provision (–(e)(2)), a heightened pleading standard (–(e)(3)), an expert opinion requirement (–(e)(4)), provision for a three-judge court for motions practice (–

Page 13 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**
02062646.DOCX

LINDSAY HART, LLP

(e)(5)), discovery rules (–(e)(6)), damages caps (–(e)(7) & –(e)(8)), sanctions rules (–(e)(9)), and interlocutory appeal (–(e)(10)).

33.     The PREP Act thus completely preempts state-law causes of action related to the entire field of claims "caused by, arising out of, relating to, or resulting from" the administration or use of covered countermeasures. 42 U.S.C. § 247d-6d(a)(1). Indeed, the PREP Act speaks even more clearly to complete preemption than the National Bank Act, ERISA, or the LMRA: Unlike those statutes, the PREP Act expressly states (twice) that the private right of action it creates is *exclusive*. 42 U.S.C. §§ 247d-6d(d)(1) & 247d-6e(d)(4). Thus, as the New York Appellate Division has held, there is no doubt that the "exclusive remedy under the statute is a federal cause of action to be brought in federal court" and that state-law claims like Plaintiff's are completely preempted. *Parker*, 954 N.Y.S.2d at 262.[2]

34.     Importantly, whether a particular plaintiff is entitled to recovery from the Covered Countermeasure Process Fund or is able to successfully pursue a cause of action under the PREP Act's heightened standards, are not questions that are before the Court today. Indeed, the Act specifically states that those questions are to be decided first through the CICP (42 U.S.C. § 247d-6e(d)(1)) and then by a three-judge panel of the United States District Court for the District of Columbia (42 U.S.C. § 247d-6d(e)(5)). In any event, complete preemption turns on whether Congress provided an exclusive federal cause of action that is available to plaintiffs *generally*, not on whether particular plaintiffs will ultimately prevail on that cause of action. "The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy." *Avco Corp. v. Aero Lodge no. 735, Internat'l*

---

[2]*Kehler v. Hood*, 2012 WL 1945952 (E.D. Mo. 2012), is not to be followed on this point. Although the court opined in a footnote that complete preemption "is not implicated" by the PREP Act, that issue was not briefed to the court. *Id.* at *3 n.5.

*Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 561 (1968); *see also In re Miles*, 430 F.3d 1083 (9th Cir. 2005) (bankruptcy code completely preempts state law even if plaintiffs lack standing to pursue its exclusive federal remedy); *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007) (Carmack Amendment completely preempts state law even when plaintiffs cannot plead every element of its exclusive federal remedy).

35.     Because Plaintiff's claims are completely preempted by federal law, those claims arise under federal law and "may be removed to federal court." *Anderson*, 539 U.S. at 8. Removal to this Court is therefore proper under 28 U.S.C. § 1441.

36.     Concurrent to the filing of this notice, the Defendants will have notified the Circuit Court of the State of Oregon for Multnomah County and all parties of the removal of this action from that court.

WHEREFORE, Defendants St. Jude Operating Company, LLC, dba Healthcare at Foster Creek, and Benicia Senior Living, LLC, respectfully request that this action be removed to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and that this Court exercise jurisdiction over the action.

Dated this 6th day of August, 2020.

LINDSAY HART, LLP

By: s/ *Jay W. Beattie*
　　Kelly A. Giampa, OSB No. 980216
　　kgiampa@lindsayhart.com
　　Jay W. Beattie, OSB No. 871631
　　jbeattie@lindsayhart.com
　　Michael J. Estok, OSB #090748
　　Email: mestok@lindsayhart.com
　　Melissa J. Bushnick, OSB # 140704
　　Email: mbushnick@lindsayhart.com
　　Attorneys for Defendants

Page 15 - **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS**
02062646.DOCX

LINDSAY HART, LLP

5/20/2020 10:07 AM
20CV18539

1

2

3

4

5          IN THE CIRCUIT COURT OF THE STATE OF OREGON

6              FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| 7   DAVID OTHELLO PARKER, JR., THROUGH DAVINA MARIE PARKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID OTHELLO PARKER, JR., | Case No. |
| 8 | COMPLAINT (Negligence, Negligence per se, and Statutory Elder Abuse) |
| 9 | |
| 10          Plaintiff, | Amount of Prayer: $2,400,000 |
| 11      v. | Filing Fee: $884 per ORS 21.160(1)(d) |
| 12   ST. JUDE OPERATING COMPANY, LLC, dba HEALTHCARE AT FOSTER CREEK, and BENICIA SENIOR LIVING, LLC, | CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION |
| 13 | JURY TRIAL DEMANDED |
| 14          Defendants. | |

15          COMES NOW Plaintiff, DAVID OTHELLO PARKER, JR. ("Mr. Parker"), by and

16   through DAVINA MARIE PARKER ("Ms. Parker"), as the Personal Representative of the

17   Estate of DAVID OTHELLO PARKER, JR., who brings this action against the above-named

18   Defendants St. Jude Operating Company, LLC ("St. Jude Operating Company") dba Healthcare

19   at Foster Creek ("Foster Creek") and Benicia Senior Living, LLC ("Benicia Senior Living") for

20   Negligence, Negligence per se, and Elder Abuse leading to Plaintiff's wrongful death.

21                          **INTRODUCTION**

22                                1.

23          Foster Creek is a nursing home facility owned by St. Jude Operating Company and

24   managed by Benicia Senior Living.  Foster Creek's overall care of its residents and response to

*Janzen Legal Services, LLC*
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604
Exhibit A
Page 1 of 30

1  the COVID-19 virus was undoubtedly the most negligent and deadly response to COVID-19 of

2  any nursing home or care facility in the state of Oregon. As of the date this Complaint was

3  drafted, nearly twenty-five percent (25%) of all deaths in the entire state of Oregon due to

4  COVID-19 are linked to Foster Creek.  Foster Creek's negligent response to COVID-19 led the

5  State of Oregon ("the State") to publicly announce that Foster Creek "demonstrated a consistent

6  inability to adhere to basic infection control standards."  The State further found that "continued

7  operation poses a serious danger to the public health and safety" and suspended the facility's

8  operations on May 4, 2020. The State had no choice but to shut down operations at Foster Creek

9  after the State's efforts to assist it went nowhere and the number of residents contracting and

10  dying from COVID-19 became staggering.  Mr. Parker was one of the casualties of Defendants'

11  negligence.

12  2.

13  On April 4, during the beginning of the State's investigation into the gross negligence

14  taking place at Foster Creek, Mr. Parker was hospitalized and tested positive for COVID-19. Mr.

15  Parker remained hospitalized and died in the early morning hours of April 7, 2020, from

16  complications of the COVID-19 virus.  In addition to being infected with COVID-19, Mr.

17  Parker was bedbound with contractures and multiple pressure wounds, had severe protein calorie

18  malnutrition, and concomitant staph bacteremia.  The manner in which Mr. Parker was treated

19  while being cared for by Defendants was deplorable.

20  **PARTIES**

21  3.

22  At the time of his death on April 7, 2020, Mr. Parker was eighty-three (83) years old. He

23  suffered from physical and mental health conditions, including dementia. Mr. Parker was an

24  elderly person, a person with a disability, and a vulnerable person as defined by the Elder

Page 2 – COMPLAINT

1  Persons and Persons with Disabilities Abuse Prevention Act (the "Elder Abuse Law").  Mr.

2  Parker was at high risk for contracting COVID-19 if exposed.

3                                                      4.

4        Plaintiff Davina Marie Parker ("Ms. Parker") is Mr. Parker's eldest daughter. Ms. Parker

5  visited her father frequently and has petitioned the court for appointment as Personal

6  Representative of her father's estate.

7                                                      5.

8        Defendant St. Jude Operating Company is a domestic limited liability company

9  incorporated in Oregon. St. Jude Operating Company does business as and was operating a 114-

10  resident capacity nursing facility known as Healthcare at Foster Creek ("Foster Creek").

11  Healthcare at Foster Creek is located at 6003 SE 136th Avenue, Portland, Multnomah County,

12  Oregon.

13                                                      6.

14        Defendant Benicia Senior Living is an Oregon limited liability company authorized to do

15  business in Oregon. On information and belief, Benicia Senior Living managed Foster Creek's

16  operations, including hiring, training, and management of staff, and has itself managed and/or

17  shared managerial and operational control of Foster Creek since July 1, 2011. Benicia Senior

18  Living's principal place of business is in West Linn, Oregon, and at least one of its members is a

19  natural person with an Oregon address according to records on file with the Oregon Secretary of

20  State.

21                                                      7.

22        St. Jude Operating Company has been the licensed owner of the Foster Creek facility

23  since 2003.  Defendants operate under Oregon DHS license #1600506066 pursuant to ORS

24  441.015 et seq. and Oregon Administrative Rules ("OAR") Chapter 411.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3602

**VENUE**

8.

Venue for this action is proper in Multnomah County, where the cause of action arose, and where Defendants conducted regular, sustained business activity.

9.

**BACKGROUND FACTS**

***Defendants were on notice of the serious and dangerous nature of Covid-19***

On January 30, 2020, the World Health Organization ("WHO") declared a Public Health Emergency of International Concern - COVID-19, a viral respiratory illness.

10.

On February 21, 2020, the Centers for Disease Control ("CDC") issued COVID-19 recommendations for health care professionals, which included review of infection prevention and control policies, and CDC recommendations for implementation of precautions.

11.

On March 8, 2020, Oregon Governor Kate Brown issued Executive Order 20-03 finding COVID-19 a threat to public health and safety. The Executive Order declared a state of emergency and empowered the Oregon Health Authority ("OHA") and state agencies to respond and develop procedures to control COVID-19.

12.

On March 10, 2020, the Oregon Department of Human Services ("DHS") sent an Executive Letter to all licensed nursing and residential care facilities specifying immediate policies to limit exposure to COVID-19.

13.

On March 11, 2020, the WHO declared COVID-19 a global pandemic.

Page 4 – COMPLAINT

14.

People sixty-five (65) years and older, people who live in nursing homes or long-term care facilities, and people who have a serious underlying medical condition were considered at high risk by the CDC for severe illness or death from COVID-19.

15.

**Defendants Did Not Take Reasonable Measures to Protect Patients From COVID-19**

DHS found that Foster Creek "demonstrated a consistent inability to adhere to basic infection control standards" and ultimately Foster Creek was shut down.  When Plaintiff would call to check on the health of her father she was always told that he was doing "fine."  In reality, he was inching closer to death with each passing day.

16.

Defendants failed to adopt or follow specific infection control guidelines, proper isolation and safety protocols, and failed to provide sufficient personal protective equipment ("PPE").  In addition, Defendants failed to maintain adequate staffing levels and failed to train staff appropriately per recommended guidelines. These and other failures by Defendants caused physical and mental injury and death to Mr. Parker and others.

17.

On April 1, 2020, Defendants notified residents and their families in writing that two residents and two staff members had died of COVID-19. In the same letter, Defendants mislead residents and their family members in order to falsely reassure them that the care at Foster Creek was sufficient to protect them from COVOD-19:

> "We are continuing to do everything humanly possible to control the spread of this disease in the community. Staff are continuing to practice isolation techniques per CDC guidelines and additional cleaning and sanitation has been ongoing since mid-March. We are continuing to monitor the situation very closely and are in

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3608

communication with families concerning those residents with any signs and symptoms of any type of infection."

Defendants' statements were blatantly false and knowingly misleading.

18.

### Inspection and Intervention by Oregon State Authorities

From April 10, 2020 through April 12, 2020, the State conducted an investigation into Foster Creek's infection control practices and mis-handling of COVID-19, but by this time Mr. Parker had already died. Plaintiff was informed of her father's death by reading a Facebook post that said "RIP David." Shocked and dismayed, Plaintiff called Foster Creek and was told that it had no knowledge of his death. Plaintiff called local hospitals until she found the one where her father had been a patient. The hospital told her what had transpired and that he ultimately died from COVID-19 after a short hospital stay. Plaintiff had not been notified that her father had been hospitalized, even though a hospitalization and death are both triggering events for a phone call to persons listed on a resident's Emergency Contact list, which Ms. Parker was. The facility had been locked down, Plaintiff was barred from visiting, and was relying on information being relayed to her by Foster Creek. None of the updates she was given were true.

19.

On April 15, 2020, a State report found that Foster Creek had "failed to implement adequate infection control practices to prevent the spread of COVID-19 (Coronavirus)." Among Defendants' many deficient practices were:

1. Inadequate staff training regarding COVID-19 infection control;

2. Staff failure to follow CDC Long-Term Care Guidelines by treating every resident as potentially infected for COVID-19;

3. Staff failure to correctly wear or use Personal Protective Equipment ("PPE");

4.  Staff failure to change PPE between residents;

5.  Staff failure to wash hands between residents;

6.  Defendants failing to provide staff with adequate PPE, e.g., providing only one face mask per shift, with no access to obtain a back-up mask;

7.  Staff working across units;

8.  Staff working between rooms with COVID-19 positive residents and COVID-19 negative residents;

9.  Improper staff social distancing;

10. Failure to maintain adequate or accurate medical records regarding COVID-19; and

11. Inadequate numbers of staff to meet resident needs.

20.

The State formally cited Foster Creek with the following list of deficiencies directly related to Foster Creek's gross negligence and failure to protect residents from COVID-19:

1.  OAR 411-086-0060(2)(a) Comprehensive Assessment and Care Plan:

2.  for failing to assess respiratory changes, for failing to update COVID-19 diagnosis, and failing to update resident care plans;

3.  OAR 411-086-0100(3) Nursing Services: Staffing: for failing to provide sufficient staff to prevent staff from going between units in order to prevent the spread of COVID-19;

4.  OAR 411-086-0120(1) Nursing Services: Changes of Condition: for failing to notify residents' physician(s) of change in resident condition that warranted medical or nursing intervention;

5.  OAR 411-086-0140(1)(a)(E) Nursing Services: Problem Resolution and Preventative Care: for failing to prevent the spread of COVID-19; and

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3600

6.  OAR 411-086-0330(1) Infection Control and Universal Precautions: for failing to appropriately use personal protective equipment to prevent the spread of COVID-19.

21.

The State further found that, "…Respondent failed to ensure appropriate measures are in place to prevent the spread of COVID-19. This failure presents an immediate risk to the health and safety of all residents in Respondent's facility."

22.

An immediate State mandated infection control training was implemented to facility staff in an effort to correct Foster Creek's many deficiencies.  Foster Creek was also barred by the State from admitting any new residents to its facility.

23.

Defendants never informed Ms. Parker or her family that the State had intervened due to the grossly deficient care they were providing to residents.  Defendants also never told Mr. Parker's family that his life was in immediate jeopardy due to the grossly inefficient standard of care Defendants were providing to their residents.

24.

On April 24, DHS imposed a finding of immediate jeopardy under federal law.

25.

On April 28, the Centers for Medicare and Medicaid Services issued a notice of involuntary termination of Foster Creek's Medicare provider agreement.

26.

On May 4, 2020, DHS issued an Order of Emergency Suspension ("Emergency Order") against St. Jude Operating Company, LLC d.b.a. Healthcare at Foster Creek ("Respondent" in the Emergency Order).

27.

The Emergency Order's Statement of Violations concluded, "Based on observations, interviews and record review it was determined Respondent failed to implement adequate infection control practices to prevent the spread of COVID-19 (Coronavirus)."

28.

The Emergency Order stated "Respondent failed to ensure appropriate measures are in place to prevent the spread of COVID-19. This failure presents an immediate risk to the health and safety of all residents in Respondent facility."

29.

The Emergency Order further found that the facility's failures constituted violations of the following State rules:

1. OAR 411-086-0060(2)(a) Comprehensive Assessment and Care Plan: for failing to assess respiratory changes, for failing to update COVID-19 diagnosis, and failing to update resident care plans;

2. OAR 411-086-0100(3) Nursing Services: Staffing: for failing to provide sufficient staff to prevent staff from going between units in order to prevent the spread of COVID-19

3. OAR 411-086-0120(1) Nursing Services: Changes of Condition: for failing to notify residents' physician(s) of change in resident condition that warranted medical or nursing intervention;

4. OAR 411-086-0140(1)(a)(E) Nursing Services: Problem Resolution and Preventative Care: for failing to prevent the spread of COVID-19; and

5. OAR 411-086-0330(1) Infection Control and Universal Precautions: for failing to appropriately use personal protective equipment to prevent the spread of COVID-19."

///

Page 9 – COMPLAINT

30.

In its Emergency Order, DHS found

"Based on the violations outlined above, DHS finds that Respondent's actions create a serious danger to the public health and safety. That is because, despite numerous enforcement actions, infection control guidance and oversight, and facility support, Respondent has demonstrated a consistent inability to adhere to basic infection control standards and Oregon Administrative Rules. This has resulted in, and continues to result in, a persistent source and spread of COVID-19 in a facility with extremely vulnerable residents, and in the community at large."

31.

Approximately 30 days earlier, Mr. Parker had died from COVID-19, which he contracted at Defendants' facility while under Defendants' care.

32.

**FIRST CLAIM FOR RELIEF**

**(Count 1 – Negligence, Against All Defendants)**

Plaintiff realleges all paragraphs above as if fully set forth herein.

33.

Defendants owed a duty of care to Mr. Parker, who was under Defendants' care.

34.

Defendants exposed Mr. Parker to a risk of foreseeable harm and breached their duty of care to Mr. Parker, as described above.

35.

Such breach resulted in harm to Mr. Parker, including injury, damage, torture, abuse, and ultimately death to Mr. Parker by COVID-19.

36.

The negligence of Defendants as outlined above was a proximate cause of Mr. Parker's injuries, abuse, and ultimate death.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604

37.

As a result of Defendants' negligence and fault, Plaintiff has been damaged in the amount of $100,000 for economic damages and $700,000 for non-economic damages for pain, suffering, emotional distress, anguish, and mental distress. Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory rate of 9% from April 7, 2020 through entry of judgment.

38.

Defendants have acted with gross negligence and have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with conscious indifference to the health, safety, and welfare of Mr. Parker. Pursuant to ORS 31.730(1), Plaintiff reserves the right to move for punitive damages.

39.

**(Count 2 – Negligence per se, Against All Defendants)**

40.

Plaintiff realleges all of the paragraphs above as if fully set forth herein.

41.

As described above, Defendants were negligent per se in violating:

1. OAR 411-086-0060(2)(a) Comprehensive Assessment and Care Plan: for failing to assess respiratory changes, for failing to update COVID-19 diagnosis, and failing to update resident care plans;

2. OAR 411-086-0100(3) Nursing Services: Staffing: for failing to provide sufficient staff to prevent staff from going between units in order to prevent the spread of COVID-19;

Page 11 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604
Exhibit A
Page 11 of 30

3. OAR 411-086-0120(1) Nursing Services: Changes of Condition: for failing to notify residents' physician(s) of change in resident condition that warranted medical or nursing intervention;

4. OAR 411-086-0140(1)(a)(E) Nursing Services: Problem Resolution and Preventative Care: for failing to prevent the spread of COVID-19; and

5. OAR 411-086-0330(1) Infection Control and Universal Precautions: for failing to appropriately use personal protective equipment to prevent the spread of COVID-19.

42.

The per se negligence of Defendants as outlined above was a proximate cause of Mr. Parker's injuries and death.

43.

As a result of Defendants' negligence and fault, Plaintiff has been damaged in the amount $100,000 for economic damages and $700,000 for non-economic damages for pain, suffering, emotional distress, anguish, and mental distress. Plaintiff is entitled to pre-judgment interest on his economic damages at the statutory rate of 9% from April 7, 2020 through entry of judgment.

44.

Defendants have acted with gross negligence and have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and acted with conscious indifference to the health, safety, and welfare of Mr. Parker. Pursuant to ORS 31.730(1), Plaintiff reserves the right to move for punitive damages.

///

///

///

Page 12 – COMPLAINT

1

45.

2

**SECOND CLAIM FOR RELIEF**

3

**(Elder Abuse – ORS 124.100 and ORS 124.105, Against All Defendants)**

4

46.

5

Plaintiff realleges all of the paragraphs above as if fully set forth herein.

6

47.

7

Mr. Parker was an elderly person and a vulnerable person.

8

48.

9

Defendant, as described above, recklessly engaged in conduct which recklessly

10

endangered Mr. Parker by creating a substantial risk of serious physical injury to him.

11

49.

12

Mr. Parker suffered injury, damage, or death by reason of physical abuse which

13

Defendant caused or permitted its agents to cause.

14

50.

15

As a result of Defendant's abuse, Plaintiff has been damaged in the amount of $100,000

16

for economic damages and $700,000 for non-economic damages for pain, suffering, emotional

17

distress, anguish, and mental distress. Plaintiff is entitled the treble damages in the amount of

18

$2,400,000 pursuant to ORS 124.100(2)(a) and (b).

19

51.

20

Plaintiff is entitled to pre-judgment interest on her economic damages at the statutory

21

rate of 9% from April 7, 2020 through entry of judgment.

22

52.

23

ATTORNEYS FEES

24

Page 13 – COMPLAINT

1        Pursuant to ORS 124.100(2)(c), Plaintiff is entitled to recover reasonable attorney fees,

2  costs, and disbursements.

3                           53.

4        Defendants have shown a reckless and outrageous indifference to a highly unreasonable

5  risk of harm and acted with conscious indifference to the health, safety, and welfare of Mr.

6  Parker. Pursuant to ORS 31.730(1), Plaintiff reserves the right to move for punitive damages.

7                           54.

8        WHEREFORE, Plaintiff demands judgment against Defendants and each of them for the

9  following relief:

10     1.  A judgment in favor of Plaintiff and against defendants in the amount of $800,000 on

11        Plaintiff's first claim for relief.

12     2.  A judgment in favor of Plaintiff and against defendants in the amount of $800,000 on

13        Plaintiff's second claim for relief.

14     3.  A judgment in favor of Plaintiff and against defendants in the amount of $2,400,000 on

15        plaintiff's third claim for relief.

16     4.  Plaintiff's reasonable attorney fees, costs, disbursements, and prevailing party fees.

17     5.  Such other relief as the Court deems just and equitable.

18  Dated this 19th day of May, 2020.

19                   JANZEN LEGAL SERVICES, LLC

20

21                   By /s/ *Paul Janzen*
                    Paul Janzen, OSB No. 176240

22                   paul@ruggedlaw.com
                    Caroline Janzen, OSB No. 176233

23                   caroline@ruggedlaw.com

24                   Trial Attorneys: Paul Janzen and Caroline Janzen

Page 14 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604
Exhibit A
Page 14 of 30

8/3/2020 2:15 PM
20CV18539

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| David Othelio Parker, JR., Through Davina Marie Parker as Personal Representative of the Estate of David Othello Parker JR., | Case No. 20CV18539 |
| Plaintiff(s), | SUMMONS |
| v. | |
| St. Jude Operating Company, LLC, dba Healthcare at Foster Creek, and Benicia Senior Living, LLC, | |
| Defendant(s). | |

**TO: St. Jude Operating Company, LLC.**
**c/o Melchor Balazs, Registered Agent**
**PO BOX 7303**
**611 Vincent Ave**
**Berkeley, CA 94707**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

YOU MUST "APPEAR" IN THIS CASE OR THE OTHER SIDE WILL WIN AUTOMATICALLY. TO "APPEAR" YOU MUST FILE WITH THE COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER". THE "MOTION" OR "ANSWER" MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN 30 DAYS ALONG WITH THE REQUIRED FILING FEE. IT MUST BE IN PROPER FORM AND HAVE PROOF OF SERVICE ON THE PLAINTIFF'S ATTORNEY OR, IF THE PLAINTIFF DOES NOT HAVE AN ATTORNEY, PROOF OF SERVICE UPON THE PLAINTIFF. IF YOU HAVE ANY QUESTIONS, YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. IF YOU NEED HELP IN FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL SERVICE AT (503) 684-3763 OR TOLL-FREE IN OREGON AT (800) 452-7636.

/s/*Paul Janzen*, OSB 176240

ATTORNEY FOR PLAINTIFFS

Paul Janzen, OSB 176240
TRIAL ATTORNY FOR PLAINTIFFS
ADDRESS FOR SERVICE OF PAPERS BY MAIL ON PLAINTIFF:
4550 SW HALL BLVD
BEAVERTON, OR 97005

*STATE OF OREGON* )
) ss.
*County of Washington* )
I, the undersigned attorney of record for the plaintiff, certify the foregoing is an exact and complete copy of the original summons in the above entitled action.

/s/Paul Janzen
ATTORNEY OF RECORD FOR PLAINTIFF(S)

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your own proof of service on the reverse hereof or such similar document which you shall attach hereto.*

/s/*Paul Janzen*
ATTORNEY OF RECORD FOR PLAINTIFF(S)

SUMMONS

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3656

8/3/2020 2:15 PM
20CV18539

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| David Othelio Parker, JR.,<br>Through Davina Marie Parker as<br>Personal Representative of the<br>Estate of David Othello Parker<br>JR.,<br> Plaintiff(s),<br><br>v.<br><br>St. Jude Operating Company, LLC,<br>dba Healthcare at Foster Creek,<br>and Benicia Senior Living, LLC,<br><br> Defendant(s). | Case No. 20CV18539<br><br><br><br>SUMMONS |

**TO: Healthcare at Foster Creek**
 **c/o Melchor Balazs, Authorized Representative**
 **6003 SE 136th Ave**
 **Portland Oregon 97236**

 **IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

 YOU MUST "APPEAR" IN THIS CASE OR THE OTHER SIDE WILL WIN AUTOMATICALLY. TO "APPEAR" YOU MUST FILE WITH THE COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER". THE "MOTION" OR "ANSWER" MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN 30 DAYS ALONG WITH THE REQUIRED FILING FEE. IT MUST BE IN PROPER FORM AND HAVE PROOF OF SERVICE ON THE PLAINTIFF'S ATTORNEY OR, IF THE PLAINTIFF DOES NOT HAVE AN ATTORNEY, PROOF OF SERVICE UPON THE PLAINTIFF. IF YOU HAVE ANY QUESTIONS, YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. IF YOU NEED HELP IN FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL SERVICE AT (503) 684-3763 OR TOLL-FREE IN OREGON AT (800) 452-7636.

/s/ *Paul Janzen*, OSB 176240
ATTORNEY FOR PLAINTIFFS

Paul Janzen, OSB 176240
TRIAL ATTORNY FOR PLAINTIFFS
ADDRESS FOR SERVICE OF PAPERS BY MAIL ON PLAINTIFF:
4550 SW HALL BLVD
BEAVERTON, OR 97005

*STATE OF OREGON* )
 ) ss.
*County of Washington* )
 I, the undersigned attorney of record for the plaintiff, certify the foregoing is an exact and complete copy of the original summons in the above entitled action.

/s/Paul Janzen
ATTORNEY OF RECORD FOR PLAINTIFF(S)

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your own proof of service on the reverse hereof or such similar document which you shall attach hereto.*

/s/ *Paul Janzen*
ATTORNEY OF RECORD FOR PLAINTIFF(S)

SUMMONS

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3656

8/3/2020 2:15 PM
20CV18539

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| David Othelio Parker, JR., Through Davina Marie Parker as Personal Representative of the Estate of David Othello Parker JR., | Case No. 20CV18539 |
| Plaintiff(s), | SUMMONS |
| v. | |
| St. Jude Operating Company, LLC, dba Healthcare at Foster Creek, and Benicia Senior Living, LLC, | |
| Defendant(s). | |

**TO: Benicia Senior Living, LLC**
**c/o Sussman Shank Registered Services, LLC., Registered Agent**
**Attn: Aaron J. Besen**
**1000 SW Broadway Ste 1400**
**Portland Oregon 97205**

**IN THE NAME OF THE STATE OF OREGON:** You are hereby required to appear and defend the complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

YOU MUST "APPEAR" IN THIS CASE OR THE OTHER SIDE WILL WIN AUTOMATICALLY. TO "APPEAR" YOU MUST FILE WITH THE COURT A LEGAL PAPER CALLED A "MOTION" OR "ANSWER". THE "MOTION" OR "ANSWER" MUST BE GIVEN TO THE COURT CLERK OR ADMINISTRATOR WITHIN **30 DAYS** ALONG WITH THE REQUIRED FILING FEE. IT MUST BE IN PROPER FORM AND HAVE PROOF OF SERVICE ON THE PLAINTIFF'S ATTORNEY OR, IF THE PLAINTIFF DOES NOT HAVE AN ATTORNEY, PROOF OF SERVICE UPON THE PLAINTIFF. IF YOU HAVE ANY QUESTIONS, YOU SHOULD SEE AN ATTORNEY IMMEDIATELY. IF YOU NEED HELP IN FINDING AN ATTORNEY, YOU MAY CALL THE OREGON STATE BAR'S LAWYER REFERRAL SERVICE AT (503) 684-3763 OR TOLL-FREE IN OREGON AT (800) 452-7636.

/s/ *Paul Janzen*, OSB 176240

**ATTORNEY FOR PLAINTIFFS**

**Paul Janzen, OSB 176240**
**TRIAL ATTORNY FOR PLAINTIFFS**
ADDRESS FOR SERVICE OF PAPERS BY MAIL ON PLAINTIFF:
**4550 SW HALL BLVD**
**BEAVERTON, OR 97005**

*STATE OF OREGON*              )
                              ) ss.
*County of Washington*         )

*I, the undersigned attorney of record for the plaintiff, certify the foregoing is an exact and complete copy of the original summons in the above entitled action.*

/s/Paul Janzen
ATTORNEY OF RECORD FOR PLAINTIFF(S)

*TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your own proof of service on the reverse hereof or such similar document which you shall attach hereto.*

/s/ *Paul Janzen*
ATTORNEY OF RECORD FOR PLAINTIFF(S)

SUMMONS

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3605

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DAVID OTHELLO PARKER, JR., THROUGH DAVINA MARIE PARKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID OTHELLO PARKER, JR., | Case No. 20CV18539 |
| Plaintiff, | PROOF OF SERVICE |
| v. | |
| ST. JUDE OPERATING COMPANY, LLC, Dba HEALTHCARE AT FOSTER CREEK, And BENICIA SENIOR LIVING, LLC, | |
| Defendants. | |

*STATE OF OREGON*          )
                                              )    *ss.*
*County of Multnomah*      )

         *I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

### *Personal Service Upon Individual(s)*

         *Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 20____, at _____ o'clock ___.M.*
         *Upon _____, by delivering such true copy to him/her, personally and in person, at _____, on _____, 20____, at _____ o'clock ___.M.*

### *Substituted Service Upon Individual(s)*

         *Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14*

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3601

*years and a member of the household of the person served on _____, 20____,*
*at _____ o'clock ___.M.*
   *Upon _____, by delivering such true copy at his/her dwelling*
*house or usual place of abode, to-wit: _____,*
*to _____, who is a person over the age of 14*
*years and a member of the household of the person served on _____,20____,*
*at _____ o'clock ___.M.*

### *Office Service Upon Individual(s)\*\**

   *Upon _____, at the office which he/she maintains for the conduct*
*of business at _____, by leaving such*
*true copy with _____, the person who is apparently in*
*charge, on the ____ day of_____, 2018, during normal working hours, at to-wit:*
*o'clock ___.M.*

### *Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name*

   *Upon **St. Jude Operating Company, LLC,** by*
   *(a) delivering such true copy via certified mail return receipt requested, to <u>Melchor Balazs,</u>*
*who is a/the \* <u>Registered Agent</u>_____ thereof; OR*

   *(b) leaving such true copy with _____, the person who is apparently in*
*charge of the office of _____, who is a/the _____(registered*
*agent, officer (by title), director, general partner, managing agent) thereof;*

   *at **St. Jude Operating Company LLC PO Box 7303 611 Vincent Ave Berkeley, CA 94707***

*on the 7th day of July, 20**20**, at <u>04:30</u> o'clock <u>P</u>.M.*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-360

Exhibit A
Page 19 of 30

DATED_____, 20___.

_____
Sheriff

_____
Deputy

*I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

DATED *July 7th*, 2020.

s/*Paul Janzen*
_____
Paul Janzen, OSB No. 176240
paul@ruggedlaw.com

THE SIGNATURE LINES ON THE LEFT SHOULD BE USED ONLY BY AN OREGON COUNTY SHERIFF OR DEPUTY; ALL OTHER SERVERS COMPLETE CERTIFICATE ON THE RIGHT. THE PROOF OF SERVICE ABOVE CONTAINS MOST, BUT NOT ALL, OF THE METHODS OF SERVICE. FOR EXAMPLE, THIS FORM DOES NOT INCLUDE PROOF OF SERVICE ON A MINOR OR INCOMPETENT PERSON. SEE ORCP 7D(2) AND 7D(3) FOR COMPLETE SERVICE THODS ON PARTICULAR PARTIES.

WHERE SUBSTITUTED OR OFFICE SERVICE IS USED, THE PLAINTIFF, AS SOON AS REASONABLY POSSIBLE, SHALL CAUSE TO BE MAILED A TRUE COPY OF THE SUMMONS AND COMPLAINT TO THE DEFENDANT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABOVE, TOGETHER WITH A STATEMENT OF THE TIME, DATE AND PLACE AT WHICH SUCH SERVICE WAS MADE. USE S-N FORM NO. 1149 OR EQUIVALENT.

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-360

Exhibit A
Page 20 of 30



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

BERKELEY CA 94707

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| $ | $2.85 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.60 |
| $ | |
| Total Postage and Fees | $8.00 |

Postmark Here
JUL -7 2020
07/07/2020

Sent To Melchor Balazs, Registered Agent
Street and Apt. No., or PO Box No. PO Box 7303 611 Vincent Ave
City, State, ZIP+4® Berkeley CA 94707

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 2970 0001 5369 6694



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: St Jude Operating
c/o Melchor Company LLC
Balazs, Registered Agent
PO Box 7303
611 Vincent Ave
Berkeley CA 94707

9590 9402 5126 9092 0037 46

019 2970 0001 5369 6694

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x CW 748 C19    ☑ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery 7/9/20

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**USPS TRACKING #**

9590 9402 5126 9092 0037 46

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton Oregon 97005

Ex A

Exhibit A
Page 21 of 30

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DAVID OTHELLO PARKER, JR., THROUGH DAVINA MARIE PARKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID OTHELLO PARKER, JR., | Case No. 20CV18539 |
| Plaintiff, | PROOF OF SERVICE |
| v. | |
| ST. JUDE OPERATING COMPANY, LLC, Dba HEALTHCARE AT FOSTER CREEK, And BENICIA SENIOR LIVING, LLC, | |
| Defendants. | |

STATE OF OREGON          )
                         )    ss.
County of Multnomah      )

    *I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

### *Personal Service Upon Individual(s)*

    *Upon* _____, *by delivering such true copy to him/her, personally and in person, at* _____, *on* _____, *20____, at _____ o'clock ___.M.*
    *Upon* _____, *by delivering such true copy to him/her, personally and in person, at* _____, *on* _____, *20____, at _____ o'clock ___.M.*

### *Substituted Service Upon Individual(s)*

    *Upon* _____, *by delivering such true copy at his/her dwelling house or usual place of abode, to-wit:* _____, *to* _____, *who is a person over the age of 14*

---

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604

Exhibit A
Page 22 of 30

*years and a member of the household of the person served on* _____, 20___,
*at* _____ *o'clock* ___.M.
      *Upon* _____, *by delivering such true copy at his/her dwelling*
*house or usual place of abode, to-wit:* _____,
*to* _____, *who is a person over the age of 14*
*years and a member of the household of the person served on* _____,20___,
*at* _____ *o'clock* ___.M.

### *Office Service Upon Individual(s)\*\**

      *Upon* _____, *at the office which he/she maintains for the conduct*
*of business at* _____, *by leaving such*
*true copy with* _____, *the person who is apparently in*
*charge, on the* ___ *day of*_____, *2018, during normal working hours, at to-wit:*
*o'clock* ___.M.

### *Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name*

      **Upon *Healthcare at Foster Creek,* by**
      *(a) delivering such true copy via certified mail return receipt requested, to <u>Melchor Balazs,</u>*
*who is a/the \* <u>Authorized Representative</u> thereof; OR*
      *(b) leaving such true copy with* _____, *the person who is apparently in*
*charge of the office of* _____, *who is a/the* _____*(registered*
*agent, officer (by title), director, general partner, managing agent) thereof;*

      ***at Healthcare at Foster Creek 6003 SE 136th Ave Portland Oregon 97236***

*on the 7th day of July, 2020, at <u>04:30</u> o'clock <u>P</u>.M.*

///

///

///

///

///

///

///

///

///

///

///

///

///

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604

Exhibit A
Page 23 of 30

DATED_____, 20___.

_____
Sheriff

_____
Deputy

*I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

*DATED July 7ᵗʰ, 2020.*

s/*Paul Janzen*
_____
Paul Janzen, OSB No. 176240
paul@ruggedlaw.com

THE SIGNATURE LINES ON THE LEFT SHOULD BE USED ONLY BY AN OREGON COUNTY SHERIFF OR DEPUTY; ALL OTHER SERVERS COMPLETE CERTIFICATE ON THE RIGHT. THE PROOF OF SERVICE ABOVE CONTAINS MOST, BUT NOT ALL, OF THE METHODS OF SERVICE. FOR EXAMPLE, THIS FORM DOES NOT INCLUDE PROOF OF SERVICE ON A MINOR OR INCOMPETENT PERSON. SEE ORCP 7D(2) AND 7D(3) FOR COMPLETE SERVICE THODS ON PARTICULAR PARTIES.

WHERE SUBSTITUTED OR OFFICE SERVICE IS USED, THE PLAINTIFF, AS SOON AS REASONABLY POSSIBLE, SHALL CAUSE TO BE MAILED A TRUE COPY OF THE SUMMONS AND COMPLAINT TO THE DEFENDANT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABOVE, TOGETHER WITH A STATEMENT OF THE TIME, DATE AND PLACE AT WHICH SUCH SERVICE WAS MADE. USE S-N FORM NO. 1149 OR EQUIVALENT.

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3699



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

7019 2970 0001 5369 6687

PORTLAND, OR 97236

Certified Mail Fee  $3.55

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $0.00
☐ Return Receipt (electronic)     $0.00
☐ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required       $0.00
☐ Adult Signature Restricted Delivery  $0.00

Postage  $1.60

Total Postage and Fees  $8.00

Sent To  Melchor Balazs, Authorized Rep
Street and Apt. No., or PO Box No.  6003 SE 136th Ave
City, State, ZIP+4®  Portland Oregon 97236

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Healthcare at Foster Creek
c/o Melchor Balazs,
Authorized Representative
6003 SE 136th Ave
Portland, Oregon 97236

9590 9402 5126 9092 0037 60

2. Article Number (Transfer from service label)
7019 2970 0001 5369 6687

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**USPS TRACKING #**

9590 9402 5126 9092 0037 60

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton OR 97005

EX A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DAVID OTHELLO PARKER, JR., THROUGH DAVINA MARIE PARKER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID OTHELLO PARKER, JR., | Case No. 20CV18539 |
| Plaintiff, | PROOF OF SERVICE |
| v. | |
| ST. JUDE OPERATING COMPANY, LLC, Dba HEALTHCARE AT FOSTER CREEK, And BENICIA SENIOR LIVING, LLC, | |
| Defendants. | |

STATE OF OREGON          )
                             )    *ss.*
*County of Multnomah*      )

        *I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:*

### *Personal Service Upon Individual(s)*

        *Upon _____, by delivering such true copy to him/her, personally and in person, at _____ on _____, 20____, at _____ o'clock ___.M.*

        *Upon _____, by delivering such true copy to him/her, personally and in person, at _____ on _____, 20____, at _____ o'clock ___.M.*

### *Substituted Service Upon Individual(s)*

        *Upon _____, by delivering such true copy at his/her dwelling house or usual place of abode, to-wit: _____, to _____, who is a person over the age of 14*

---

| | |
|---|---|
| PROOF OF SERVICE | **Janzen Legal Services, LLC** |
| | 4550 SW Hall Blvd |
| | Beaverton, OR 97005 Exhibit A |
| | Office: 503-520-9900; Fax: 503-648-3604 Page 26 of 30 |

*years and a member of the household of the person served on _____, 20___,
at _____ o'clock ___.M.*

      *Upon _____, by delivering such true copy at his/her dwelling
house or usual place of abode, to-wit: _____,
to _____, who is a person over the age of 14
years and a member of the household of the person served on _____,20___,
at _____ o'clock ___.M.*

### *Office Service Upon Individual(s)\*\**

      *Upon _____, at the office which he/she maintains for the conduct
of business at _____, by leaving such
true copy with _____, the person who is apparently in
charge, on the ___ day of _____, 2018, during normal working hours, at to-wit:
o'clock ___.M.*

### *Service on Corporations, Limited Partnerships or Unincorporated Associations Subject to Suit Under a Common Name*

      *Upon **Benicia Senior Living, LLC,** by*

      *(a) delivering such true copy via certified mail return receipt requested, to <u>Sussman Shank
Registered Services, LLC.</u>, who is a/the \* <u>Registered Agent</u> thereof; OR*

      *(b) leaving such true copy with _____, the person who is apparently in
charge of the office of _____, who is a/the _____(registered
agent, officer (by title), director, general partner, managing agent) thereof;*

      *at **Benicia Senior Living LLC 1000 SW Broadway STE 1400 Portland Oregon 97205***

*on the 7th day of July, 2020, at <u>04:30</u> o'clock <u>P</u>.M.*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

---

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604

Exhibit A
Page 27 of 30

DATED_____, 20___.

Sheriff
_____

Deputy
_____

*I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.*

*DATED July 7th, 2020.*

s/**Paul Janzen**
_____
*Paul Janzen, OSB No. 176240*
*paul@ruggedlaw.com*

THE SIGNATURE LINES ON THE LEFT SHOULD BE USED ONLY BY AN OREGON COUNTY SHERIFF OR DEPUTY; ALL OTHER SERVERS COMPLETE CERTIFICATE ON THE RIGHT. THE PROOF OF SERVICE ABOVE CONTAINS MOST, BUT NOT ALL, OF THE METHODS OF SERVICE. FOR EXAMPLE, THIS FORM DOES NOT INCLUDE PROOF OF SERVICE ON A MINOR OR INCOMPETENT PERSON. SEE ORCP 7D(2) AND 7D(3) FOR COMPLETE SERVICE THODS ON PARTICULAR PARTIES.

WHERE SUBSTITUTED OR OFFICE SERVICE IS USED, THE PLAINTIFF, AS SOON AS REASONABLY POSSIBLE, SHALL CAUSE TO BE MAILED A TRUE COPY OF THE SUMMONS AND COMPLAINT TO THE DEFENDANT AT THE DEFENDANT'S DWELLING HOUSE OR USUAL PLACE OF ABOVE, TOGETHER WITH A STATEMENT OF THE TIME, DATE AND PLACE AT WHICH SUCH SERVICE WAS MADE. USE S-N FORM NO. 1149 OR EQUIVALENT.

PROOF OF SERVICE

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, OR 97005
Office: 503-520-9900; Fax: 503-648-3604

Exhibit A
Page 28 of 30



U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

PORTLAND, OR 97205

OFFICIAL USE

| Certified Mail Fee | $3.55 | | 0100 |
| | | $2.85 | |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Here |
| ☐ Adult Signature Required | $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.60 | | |
| $ | | | |
| Total Postage and Fees | $8.00 | | |
| $ | | | |

07/07/2020    BEAVERTON OR 97005    JUL 7 2020

Sent To  Attn: Aaron J. Besen
Street and Apt. No., or PO Box No.  1000 SW Broadway ste 1400
City, State, ZIP+4®  Portland OR 97205

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 2970 0001 5369 6700

---



| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | X ☐ Agent ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to: Benicia Senior c/o Sussman Living LLC shank Registered Services LLC Registered Agent Attn: Aaron J. Besen 1000 SW Broadway ste 1400 Portland Oregon 97205 | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 9590 9402 5126 9092 0037 53 | 3. Service Type  ☐ Priority Mail Express® ☐ Adult Signature  ☐ Registered Mail™ ☐ Adult Signature Restricted Delivery  ☐ Registered Mail Restricted Delivery ☑ Certified Mail®  ☐ Certified Mail Restricted Delivery  ☐ Return Receipt for Merchandise ☐ Collect on Delivery  ☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation™ ☐ Insured Mail  ☐ Signature Confirmation Restricted Delivery ☐ Insured Mail Restricted Delivery (over $500) |
| 2. Article Number (Transfer from service label) 7019 2970 0001 5369 6700 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

USPS TRACKING #





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



9590 9402 5126 9092 0037 53

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton Oregon 97005




Ex A

7

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MUL CIVIL
1021 SW Fourth Avenue  Portland Oregon  97204
503-988-3022, option 3                    http://courts.oregon.gov/multnomah

August 03, 2020

David Othello Parker Jr
No Known Address


Re: The Estate of David Othello Parker, Jr., David Othello Parker, Jr vs St. Jude Operating
Company, LLC, Benicia Senior Living, LLC
Case #: 20CV18539

## NOTICE OF INTENT TO DISMISS

You have not provided the court with proof of service for at least one defendant in this case.
These defendants are considered unserved.


Under Uniform Trial Court Rule 7.020(2), your claim against any unserved defendants will be
dismissed for want of prosecution 28 days from the date of this notice unless:

(a) You file proof of service with the court for any defendant who is currently unserved.
    or
(b) You show good cause to continue the case. You must file a motion and declaration
    supporting your request for continuance.
    or
(c) The defendant appears.


*The Uniform Trial Court Rules can be found in your local law library or online at*
*http://courts.oregon.gov/OJD/programs/utcr/utcrrules.page.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2020, I served a copy of **NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446 BY DEFENDANTS ST. JUDE OPERATING COMPANY, LLC, DBA HEALTHCARE AT FOSTER CREEK, AND BENICIA SENIOR LIVING, LLC** on the following person(s) in the manner indicated below at the following address(es):

> Paul Janzen
> Caroline Janzen
> Janzen Legal Services, LLC
> 4550 SW Hall Blvd.
> Beaverton, OR 97005
> paul@ruggedlaw.com
> caroline@ruggedlaw.com
>
> Attorneys for Plaintiff

☐ by Electronic Mail
☐ by Facsimile Transmission
☒ by First Class Mail
☐ by Hand Delivery
☐ by Overnight Delivery

By: s/ *Jay W. Beattie*
    Kelly A. Giampa, OSB No. 980216
    kgiampa@lindsayhart.com
    Jay W. Beattie, OSB No. 871631
    jbeattie@lindsayhart.com
    Michael J. Estok, OSB #090748
    Email: mestok@lindsayhart.com
    Melissa J. Bushnick, OSB # 140704
    Email: mbushnick@lindsayhart.com
    Attorneys for Defendants

**CERTIFICATE OF SERVICE**
02062646.DOCX